# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40311
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIZETTE LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-1010-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lizette Luna pleaded guilty to possession with intent to distribute approximately 291.5 kilograms of marihuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court imposed a sentence of 48 months of imprisonment, which was an upward variance from the advisory guideline range of 30 to 37 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40311

Luna argues that her sentence is substantively unreasonable and greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). She claims that in varying from the advisory guideline range, the district court placed too much weight on the fact that she was out on bond for another drug offense when she committed this offense and an upward variance was substantively unreasonable because she continued her criminal activity only after drug traffickers threatened to harm her and her family. We review the substantive reasonableness of Luna's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).

The district court was aware of Luna's claim that she agreed to do a "second run" of marihuana only after being threatened by drug traffickers. Although Luna "may disagree with how the district court balanced the § 3553(a) factors, [her] argument that these factors should have been weighed differently is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir.), *cert. denied*, 137 S. Ct. 526 (2016).

The judgment of the district court is AFFIRMED.

2